IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MR. JOSEPH H. GIBBS,   #185709, | ) Civil Action No.  3:08-3955-PMD-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| MR. JON E. OZMINTS, AS DIRECTOR OF SCDC, ET AL.; RESPONDEAT SUPERIOR, | ) |
| Defendants. | ) |

Plaintiff filed this action, pro se, in the Court of Common Pleas of Marlboro County, South Carolina.  Defendant removed this action to this court on December 5, 2008.[1]  On December 19, 2008, Plaintiff filed a motion to remand.  Defendants filed a response on January 5, 2009.

A defendant may remove a civil action brought in state court if the case originally could have been brought in a federal district court. See 28 U.S.C.A. § 1441.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The burden of demonstrating jurisdiction resides with "the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir.2004)(citing Mulcahey v. Columbia Organic Chems. Co., 29

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the court.

F.3d 148, 151 (4th Cir.1994)). Removal jurisdiction is strictly construed; in doubtful cases, the action must be remanded. See Mulcahey, 29 F.3d at 151.

Defendants assert that this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and that this action may be removed pursuant to 28 U.S.C. § 1441 as Plaintiff's Complaint raises issues of federal constitutional law. Under the well-pleaded complaint rule, courts "ordinarily ... look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir.1996). Looking at the face of the Complaint, Plaintiff has alleged a federal question capable of creating federal-question jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiff alleges that he has been subjected to medical deliberate indifference and to cruel and unusual punishment in violation of the Eighth Amendment. See Complaint at 4-7.

In his motion to remand, Plaintiff appears to concede that he has alleged a federal claim, but argues that the Prison Litigation Reform Act ("PLRA") provides that federal courts do not have jurisdiction over state court claims. Plaintiff has presented no authority indicating that the PLRA prohibits supplemental jurisdiction over state law claims. The Court, pursuant to 28 U.S.C. § 1367, may exercise supplemental jurisdiction over state law claims.[2] Plaintiff also argues that the alleged

---

[2] A district court, however, may decline to exercise supplemental jurisdiction if:
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

incidents occurred within the State of South Carolina and that the witnesses are all residents of the State of South Carolina.  He has, however, failed to show how this precludes removal.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion to remand (Doc. 7) be **denied**.

> Joseph R. McCrorey
> United States Magistrate Judge

May 19, 2009
Columbia, South Carolina

**The parties' attention is directed to  the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).