# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JOSEPH H. GIBBS, #185709, ) | |
| ) | Civil Action No. 3:08-3955-PMD-JRM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MR. JON E. OZMINTS, AS DIRECTOR ) | **ORDER** |
| OF SCDC, ET AL.; ) | |
| RESPONDEAT SUPERIOR ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court upon *pro se* Plaintiff Joseph Gibbs' ("Plaintiff") Motion to Remand, which was filed on December 19, 2008. Defendants filed a response on January 5, 2009. On June 22, 2009, United States Magistrate Judge Joseph R. McCrorey entered a Report & Recommendation ("R&R") recommending to this Court that Plaintiff's Motion to Remand be denied. Plaintiff filed an Objection to the R&R on June 1, 2009. For the reasons set forth herein, the court denies Plaintiff's Motion to Remand.

## BACKGROUND

Plaintiff is currently an inmate within the South Carolina Department of Corrections ("SCDC") correctional system. Plaintiff is currently serving a life sentence stemming from murder and burglary convictions. This lawsuit was originally filed in the Court of Common Pleas, in Marlboro County, South Carolina on October 3, 2008. The Complaint alleged personal injury and pain and suffering as a result of Defendants' negligence, and alleged various civil rights violations including cruel and unusual punishment. Plaintiff's original Complaint sought relief on state law causes of action. The Complaint asked for compensatory and punitive damages, and also sought injunctive relief ordering the Defendants to use allocated funding to maintain prison infirmaries.

Defendants filed a timely Notice of Removal and Answer with the United States District Court for the District of South Carolina on December 5, 2008, asserting that this Court had jurisdiction over Plaintiff's claims in accordance with 28 U.S.C. § 1446(b). Plaintiff then filed a Motion to Remand, asserting that this Court lacked jurisdiction over his claims, and that those claims should properly be brought in a single action in state court. The Magistrate Judge issued an R&R asserting that this Court did have original jurisdiction over Plaintiff's Eighth Amendment claim, and supplemental jurisdiction over Plaintiff's state law claims, and therefore removal was proper and Plaintiff's Motion to Remand should be denied. Plaintiff filed timely Objections to the R&R claiming that the Prison Litigation Reform Act had stripped federal courts of jurisdiction over supplemental claims.

## STANDARD OF REVIEW

**I.  Magistrate Judge's R&R**

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.*

**II.  Motion to Remand**

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994)). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.*

Section 1441 of Title 28 provides that "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). In this case, Defendants allege that removal was proper because the district court had original jurisdiction to hear Plaintiff's case under 28 U.S.C. § 1331. Section 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendants assert that Plaintiff's Complaint raises issues of federal constitutional law. Plaintiff's claims of personal injury and pain and suffering resulting from Defendant's negligence were brought under the guise of state tort law, but Plaintiff's alleged civil rights violations including cruel and unusual punishment fall squarely within the bounds of federal question jurisdiction provided by 28 U.S.C. § 1331 which validates removal to this court. Plaintiff specifically alleges that he has been subjected to medical deliberate indifference and to cruel and unusual punishment in violation of the Eighth Amendment. *See* (Comp. at ¶23.)

## **ANALYSIS**

As the R&R notes, Plaintiff appears to concede that he has alleged a federal claim in his motion to remand, but argues that the Prison Litigation Reform Act ("PLRA") strips a federal court's ability to assert supplemental jurisdiction over state court claims pursuant to 28 U.S.C. § 1367. Plaintiff claims that the PLRA prohibits pendent jurisdiction of state claims. Plaintiff alleges that the incidents took place in South Carolina and the relevant witnesses are located within South Carolina, and therefore his claims should be heard in South Carolina state court.

Plaintiff has presented no authority in support of the proposition that the PLRA prohibits supplemental jurisdiction over state law claims. Numerous federal courts have addressed

3

supplemental state law claims in the context of PLRA claims. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005) (affirming a district court's dismissal of supplemental state law claims after PLRA claim was dismissed for failing to exhaust administrative remedies); *see also Mayhew v. Gardner*, No. 3:07-0735, 2008 WL 4093130, (M.D. Tenn. Aug. 22, 2008); *Quiroz v. Horel*, No. C 05-02938 JF (PR), 2008 WL 4239128, at *6 (N.D. Cal. Sept. 11, 2008). Because Plaintiff has provided no authority for his assertion, and having found authority to the contrary, this Court finds Plaintiff's argument without merit.

Section 1367(a) of Title 28 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court of the United States has construed the 1367(a) language to mean that state and federal claims must derive from a common nucleus of operative fact. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). In the present case, Plaintiff's state law claims of negligence that resulted in personal injury and pain and suffering shared the same basis of fact for his 42 U.S.C. § 1983 claim: the denial of medical care at the prison facility. This Court therefore finds that supplemental jurisdiction can be extended to Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiff's alleged Eighth Amendment violations. Plaintiff seems to argue that supplemental jurisdiction of state law claims is not available when the underlying federal cause of action is a 42 U.S.C. § 1983 claim. Plaintiff again provides no basis for this assertion or support for the proposition. Federal courts routinely address supplemental jurisdiction of state law claims with underlying federal 42 U.S.C.

4

§ 1983 claims. *See, e.g.*, *Revene v. Charles County Comm'rs*, 882 F.2d 870 (4th Cir. 1989); *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987); *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249 (1st Cir. 1996); *Colaizzi v. Walker*, 542 F.2d 969 (7th Cir. 1976); *Faucher v. Rodziewicz*, 891 F.2d 864 (11th Cir. 1990). This Court sees no reason to deviate from this widely accepted judicial practice. Because Plaintiff has provided no authority for his assertion, and having found ample authority to the contrary, this Court again finds Plaintiff's argument without merit.

Accordingly, this Court does have supplemental jurisdiction over Plaintiff's state law claims, and therefore all of Plaintiff's claims are properly brought in a single action before this Court.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motion to Remand is **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 5, 2009**

5